Kavon Adli, California State Bar No. 203040
Seth W. Wiener, California State Bar No. 203747
THE INTERNET LAW GROUP
609 Karina Court
San Ramon, California 94582
Telephone:   (925) 487-5607
Facsimile:   (310) 356-3257

Attorneys for Defendant
LendingTree, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARMEN SORIANO, an individual; MARY JOYCE VALLARTA, an individual; MOLLY VONGCHAN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>LENDINGTREE, LLC, a Delaware limited liability company; and DOES 1-100,<br><br>Defendants. | Case No. 17-cv-7078<br><br>Removed from the Superior Court of the State of California for the City and County of San Francisco<br>Case No. CGC-17-561185<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332(a), 1441, 1446** |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1332(a), 1441, 1446, Defendant LENDINGTREE, LLC (hereinafter "Defendant"), removes this action from the Superior Court of the State of California for the County of San Francisco, and in support of this removal states as follows:

**I.    PROCEDURAL HISTORY**

1.    On or about September 7, 2017, Plaintiffs, CARMEN SORIANO, MARY JOYCE VALLARTA and MOLLY VONGCHAN (hereinafter collectively, "Plaintiffs"), filed a Complaint against Defendant in the Superior Court of California for the City and County of San Francisco,

1  captioned *Carmen Soriano, et al. v. LendingTree, LLC*, Case No. CGC-17-561185 (the "State Court Action").  *See* Declaration of Seth W. Wiener in Support of Notice of Removal, dated December 12, 2017 ("Wiener Dec."), Exhibit A.

2. The Complaint alleges violations of California's statute pertaining to supposedly unsolicited commercial emails, Cal. Bus. & Prof. Code §17529.5 ("CBPC §17529.5"). LendingTree denies that it engaged in any of the alleged conduct, or that the alleged conduct is unlawful or violates the statute.

3. Defendant was not served with the Complaint in the State Court Action until November 16, 2017.

4. This Notice of Removal is timely filed, as it is within thirty (30) days of service on Defendant or its agent of a copy of the pleading in the State Court Action setting forth the claims for which relief in this action is based.  *See* 28 U.S.C. §1446(b).

5. Removal to this Judicial District is proper under 28 U.S.C. §1441(a) because San Francisco County, where the State Court Action is currently pending, is located within the Northern District of California.

6. No previous Notice of Removal has been filed in this case.

7. As required by 28 U.S.C. §1446(a), copies of all process, pleadings, and orders received by Defendant in connection with the State Court Action are attached to this Notice.

8. By removing this action, Defendant does not waive any defenses available to it in this action. By way of setting forth the bases for removal in this Notice, Defendant in no way concedes the truth of the allegations contained in the Complaint filed in the State Court Action.

## II. JURISDICTION AND BASIS FOR REMOVAL

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a), because there is complete diversity as between the three (3) Plaintiffs and the Defendant, and the actual amount in controversy as to at least one (1), if not two (2) of the Plaintiffs exceeds $75,000, exclusive of interest and costs, but including attorneys' fees pursuant to statute, and Plaintiffs'

1  claims for relief in their Complaint.

2        10.    Plaintiffs each assert that they are domiciled in and citizens of California.  *See*

3  Wiener Dec., Exhibit A, Complaint, ¶¶7-9.

4        11.    Plaintiffs allege that Defendant is a Delaware limited liability company, with a

5  principal place of business in Charlotte, North Carolina.  *See* Wiener Dec., Exhibit A, Complaint,

6  ¶10.

7        12.    Sufficient diversity of citizenship is present in this action, as according to

8  Plaintiffs' allegations, Defendant is not a citizen of California, and none of the Plaintiffs is a

9  citizen of Delaware or North Carolina.  28 U.S.C. §1332(a)(i).

10        13.    The amount in controversy as to at least one (1), if not two (2) of the Plaintiffs

11  exceeds $75,000, exclusive of interest and costs.

12        14.    According to the allegations in the Complaint, each of the Plaintiffs (Soriano,

13  Vallarta and Vongchan) is seeking $1,000, for each commercial email message supposedly

14  received by each of them at their respective email addresses, as liquidated damages pursuant to

15  CBPC §17529.5(b)(1)(B)(ii).  *See* Wiener Dec., Exhibit A, Complaint, ¶¶33-34, and Prayer for

16  Relief.

17        15.    The Complaint specifies that Plaintiff Soriano is seeking $53,000 in liquidated

18  damages (for 53 commercial email messages), Plaintiff Vongchan is seeking $59,000 in liquidated

19  damages (for 59 commercial email messages), and Plaintiff Vallarta is seeking $23,000 in

20  liquidated damages (for 23 commercial email messages).  *See* Wiener Dec., Exhibit A, Complaint,

21  ¶20, and Prayer for Relief.

22        16.    In addition, Plaintiffs all demand that as part of their requested relief, they are

23  entitled to "reimbursement of attorneys' fees and costs as authorized by Section

24  17529.5(b)(1)(C)".  *See* Wiener Dec., Exhibit A, Complaint, ¶50, and Prayer for Relief.  The

25  amount of the attorneys' fees sought in relief by each Plaintiff is left unspecified in the Complaint.

26        17.    In order to exercise diversity jurisdiction over the claims of several plaintiffs, the

27

28

1 Court need only ensure that the claim of one of the named plaintiffs meets the threshold amount in controversy required by the statute, of $75,000. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 559 (2005). If one of the named plaintiffs and its claims meets the amount in controversy requirements of §1332(a), the District Court can retain supplemental jurisdiction over the claims of the remaining plaintiffs pursuant to §1367; even if such claims do not meet the amount in controversy threshold. *Id.*

18. In assessing whether the claims of one of the plaintiffs meets the amount in controversy requirement of §1332(a), the Court may consider the amount of the recovery of attorneys' fees, if a plaintiff is suing under a statute that authorizes an award of fees to a prevailing party. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998); *Ponce v. Medical Eyeglass Center, Inc.*, 2015 WL 4554336, at *3 (C.D. Cal. July 27, 2015); *Rachner v. Network Funding L.P.*, 2017 WL 5508518, *4 (C.D. Cal. Nov. 16, 2017); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1011 (N.D. Cal. 2002). Where removal is on the basis of diversity jurisdiction under §1332(a), and the Complaint does not specify a dollar amount as to all the relief sought by a plaintiff, the removing defendant need only show that the amount in controversy exceeds $75,000, by a preponderance of the evidence. *Rachner*, 2017 WL 5508518, at *3; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

19. For purposes of removal, pursuant to F.R.E. 201(b), a Court may take judicial notice of various categories of documents, including the opinion of another Court, matters of public record, documents filed in other cases, documents attached to the complaint, as well as magazine or newspaper articles. *Spitzer v. Aljoe*, 2016 WL 3275148, *1 (N.D. Cal. June 15, 2016); *Tuitama v. Nationstar Mortgage LLC*, 2015 WL 12744269, *2 (C.D. Cal. April 13, 2015); *Fenton v. Wells Fargo Home Mortgage*, 2017 WL 1346672, *3 (S.D. Cal. April 12, 2017). The Court can take judicial notice of all the documents attached to the Wiener Dec., as they are either attached to Plaintiffs' Complaint, are Decisions issued by a California Appellate Court, are documents filed by Plaintiffs' counsel in another action involving claims and requests for

1  attorneys' fees under CBPC §17529.5, are documents filed with a Federal District Court, or
2  magazine article in which Plaintiffs' counsel, Mr. Balsam, is interviewed and quoted.

3       20.    Although none of the Plaintiffs specifically states or alleges in the Complaint the
4  amount of the attorneys' fees they seek in relief pursuant to statute, their lawyer, Mr. Balsam,
5  regularly seeks and/or obtains attorneys' fees awards in excess of the amount in controversy
6  threshold of $75,000, as to at least two (2) of the Plaintiffs.

7       21.    In the action titled, *Balsam v. Trancos*, Mr. Balsam obtained a recovery of just
8  $7,000 in liquidated damages, after an actual trial on the merits, as to his claims under CBPC
9  §17529.5 pertaining to only eight (8) commercial emails.  *See* Wiener Dec., Exhibit B, a copy of
10 the Decision in *Balsam v. Trancos,* 203 Cal.App.4th 1083, 1093 (Cal. App.Ct. 2012).  Mr. Balsam
11 then sought an attorneys' fees award from the Trial Court of $133,830 pursuant to statute,
12 asserting that between his two (2) lawyers (Mr. Walton and Mr. Twu), they were required to
13 expend at least 231.5 hours in prosecuting the action (156 hours for Mr. Walton at $400 per hour,
14 and 75.5 hours for Mr. Twu at $250 per hour).  *Id.*  In essence, Balsam and his counsel were
15 seeking $19,000 in attorneys' fees per commercial email message in the action.

16      22.    The Trial Court in *Balsam* ultimately reduced the attorneys' fees award pursuant to
17 statute to $81,900.  *Id.*  The Trial Court noted that Balsam's lawyers likely spent considerably less
18 time in prosecuting the action, because Mr. Balsam, as a lawyer who practices in this area,
19 "devoted a substantial amount of his own, uncompensated time to the case." *Id.*

20      23.    More recently, Mr. Balsam has submitted an attorneys' fee application to a Federal
21 Court seeking recovery of $20,390 in attorneys' fees (at $400 per hour) in representing a party in a
22 dispute involving CBPC §17529.5 as to only ten (10) commercial email messages.  *See* Wiener
23 Dec., Declaration of Daniel Balsam in support of Defendants' motion for attorneys' fees, dated
24 March 6, 2014 ("Balsam Dec."), Exhibit C.  His co-counsel in that action, Mr. Timothy Walton,
25 filed a Declaration seeking $11,280 (at $400 per hour), in attorneys' fees for his part.  *See*
26 Declaration of Timothy Walton in support of Defendants' motion for attorneys' fees, dated March

27
28

6, 2014 ("Balsam Dec."), Exhibit D. Both counsel specifically stated in their Declarations that the attorneys' fees recovery they sought under CBPC §17529.5 was strictly in their client's role as a defendant, "as opposed to her role as a counterclaimant." *Id.* In essence, Mr. Balsam and co-counsel in that action were seeking $3,167 in attorneys' fees as to each commercial email message involved that action. That action was apparently in its infancy, and the attorneys' fees sought by Mr. Balsam and his co-counsel did not represent fees incurred, or would be incurred, during subsequent discovery or trial, if any.

24. In addition, Mr. Balsam routinely touts his success at obtaining large fees awards in pursuing §17529.5 actions, including publishing articles about his successes in legal journals, on his website, <www.danhatesspam.com>, and during numerous television interviews aired on national TV broadcasts. *See* Wiener Dec., "The Trial Lawyer" Summer 2012, excerpts, Exhibit E; *see also* <www.youtube.com/watch?v=jxF1w9w1m9k>.

25. If the amount of attorneys' fees sought by Mr. Balsam and his lawyers, pursuant to CPLR §17529.5 in *Balsam v. Trancos* ($133,830), is divided equally among all three (3) Plaintiffs in this action, this would add an additional $44,600 to the damages award sought by each Plaintiff. By adding this amount to the liquidated damages amounts already sought by Plaintiffs Soriano and Vongchan, the total amount of relief sought by Vongchan increases to $100,610, and the total amount of relief sought by Plaintiff Soriano increases to $94,810. Both such amounts far exceed the $75,000 amount in controversy threshold required for this Court to exercise diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a).

26. Even if the Court were to only add to Plaintiffs' requested relief the amount of the actual attorneys' fees award granted by the Trial Court in *Balsam,* the amounts in controversy of Soriano and Vongchan would exceed the statutory threshold.

27. If the amount of the attorneys' fees award Mr. Balsam obtained in *Balsam v. Trancos* five years ago is divided equally among these three (3) Plaintiffs, this adds an additional $27,700 in damages sought by each Plaintiff in this action. By adding this amount to the

1  liquidated damages amounts already sought by Plaintiffs Soriano and Vongchan, the relief sought
2  by Plaintiff Vongchan increases to $86,700, and the amount sought by Plaintiff Soriano increases
3  to $80,200.  Both such amounts also far exceed the $75,000 amount in controversy threshold
4  required for this Court to obtain diversity jurisdiction over this action pursuant to 28 U.S.C.
5  §1332(a).

6  28.  It is doubtful that the hourly rates for Mr. Balsam and Mr. Harker, in prosecuting
7  actions pursuant to CBPC §17529.5, have gone down since *Balsam v. Trancos* was decided five
8  years ago, or the action, *XL Marketing Corp., et al. v. Kristina Kirby*, Case No. 4:11-cv-05107
9  (N.D. Cal. 2011) (PJH).  Therefore, the amount of attorneys' fees award the Plaintiffs will likely
10 seek in this action will be far greater than those sought or obtained in *Balsam v. Trancos* or *XL
11 Marketing v. Kirby*.  In addition, unlike the two (2) counsel in *Balsam*, Mr. Balsam and Mr.
12 Harker will not have their workload reduced, and their overall attorney hours likely expended will
13 not be reduced in this action, by the presence of a lawyer among these three (3) Plaintiffs, who
14 would perform uncompensated legal work, as Mr. Balsam did in *Balsam v. Trancos*.  Moreover,
15 this action involves more than seventeen (17) times the number of commercial email messages at
16 issue in *Balsam v. Trancos*, and thirteen (13) times the number of commercial email messages at
17 issue in *XL Marketing v. Kirby*.

18 29.  While Defendant LTL believes that Plaintiffs' claims have no merit, that is
19 irrelevant for purposes of the Court's review of the issue of removal, and the amount in
20 controversy requirement of 28 U.S.C. §1332(a).

## NOTICE OF SERVICE

22 Defendant, in accordance with 28 U.S.C. §1446(d), will promptly provide written Notice
23 of Removal, together with a copy of this Notice, to Plaintiffs through their counsel, and will file a
24 copy of this Notice with the Superior Court of the State of California for the County of San
25 Francisco.

| | | |
|---|---|---|
| 1 | DATED:  December 12, 2017 | THE INTERNET LAW GROUP |
| 2 | | |
| 3 | | By: _____ |
| 4 | | Seth W. Wiener |
| | | Attorneys for Defendant |
| 5 | | LENDINGTREE, LLC |

Kavon Adli, California State Bar No. 203040
Seth W. Wiener, California State Bar No. 203747
THE INTERNET LAW GROUP
609 Karina Court
San Ramon, California 94582
Telephone:    (925) 487-5607
Facsimile:    (310) 356-3257

Attorneys for Defendant
LendingTree, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARMEN SORIANO, an individual; MARY JOYCE VALLARTA, an individual; MOLLY VONGCHAN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>LENDINGTREE, LLC, a Delaware limited liability company; and DOES 1-100,<br><br>Defendants. | Case No. 17-cv-7078<br><br>Removed from the Superior Court of the State of California for the City and County of San Francisco<br>Case No. CGC-17-561185<br><br>**PROOF OF SERVICE** |

I am employed by The Internet Law Group.  I am over the age of 18 and not a party to the within action.  My business address is 609 Karina Court, San Ramon, CA 94582.

On December 12, 2017, I served the foregoing document described as **NOTICE OF REMOVAL UNDER 28 U.S.C. §§1332(a), 1441, 1446,** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Jacob Harker, Esq.
Law Offices of Jacob Harker
582 Market Street, Suite 1007
San Francisco, CA 94104
Tel. (415) 624-7602
Fax (415) 684-7757
Email: jacob@harkercounsel.com

Notice of Removal of Action Under 28 U.S.C. §§1332(a), 1441, 1446
Page 9

1
2
3
4

Daniel L. Balsam, Eq.
The Law Offices of Daniel Balsam
2601C Blanding Avenue #271
Alameda, CA 94501
Tel. (415) 869-2873
Fax (415) 869-2873
Email: legal@danbalsam.com

5
6
7

**By MAIL** as follows:  I am "readily familiar" with my employer's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Ramon, California, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter is more than one (1) day after date of deposit for mailing in affidavit.

8
9

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

10

Executed on December 12, 2017, at San Ramon, California.

11
12

*[signature]*

13

_____
**Seth W. Wiener**

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28