IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN SORIANO, et al, <br>     Plaintiffs, <br> v. <br> LENDINGTREE, LLC, <br>     Defendant. | Case No. 17-cv-07078-MMC <br><br> **ORDER DIRECTING DEFENDANT TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED** |

Before the Court is defendant LendingTree, LLC's ("LendingTree") Notice of Removal, filed December 12, 2017, by which LendingTree has removed from state court a complaint filed by plaintiffs Carmen Soriano, Mary Joyce Vallarta, and Molly Vongchan. Having read and considered the notice of removal, the Court, for the reasons discussed below, will direct LendingTree to show cause why the action should not be remanded.

The complaint alleges one claim, specifically, a cause of action titled "Violations of California Restrictions on Unsolicited Commercial Email, California Business & Professions Code § 17529.5." (See Compl. at 9.) LendingTree asserts the district court has diversity jurisdiction over the complaint.

A district court has diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the matter is "between . . . citizens of different States." See 28 U.S.C. § 1332(a). Here, as set forth in the Notice of Removal, LendingTree has provided sufficient facts to support a finding that the amount in controversy exceeds the sum or value $75,000. (See Notice of Removal ¶¶ 15-16, 21-23, 25-28.) LendingTree has failed, however, to include sufficient facts to show the parties are diverse. In that regard, although LendingTree states each plaintiff is

a citizen of California, it provides no facts to support a finding as to the citizenship of LendingTree's owners and/or members. See Johnson v. Columbia Properties Anchorage, LP, 437 F. 3d 894, 899 (9th Cir. 2006) (holding "limited liability corporation" is a "citizen of every state in which its owners/members are citizens").[1] Consequently, LendingTree has failed to make the requisite showing as to diversity.

Accordingly, LendingTree is hereby ORDERED TO SHOW CAUSE, in writing and no later than January 12, 2018, why the instant action should not be remanded to state court for lack of subject matter jurisdiction. If plaintiffs wish to file a reply to LendingTree's response, any such reply shall be filed no later than January 19, 2018.

Lastly, in light of the above, the briefing schedule and hearing date on LendingTree's motion to dismiss, currently noticed for February 2, 2018, are hereby VACATED, and will be reset by the Court in the event the instant order to show cause is discharged.

**IT IS SO ORDERED.**

Dated: December 22, 2017

MAXINE M. CHESNEY
United States District Judge

---

[1] LendingTree relies exclusively on plaintiffs' allegation that LendingTree is a "Delaware limited liability company" with "a principal place of business in Charlotte, North Carolina." (See Notice of Removal ¶11 (citing Compl. ¶ 10).)

2