IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN SORIANO, et al., <br>     Plaintiffs, <br>   v. <br> LENDINGTREE, LLC, <br>     Defendant. | Case No. 17-cv-07078-MMC <br><br> **ORDER DISCHARGING ORDER DIRECTING DEFENDANT TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED** |

By order filed December 22, 2017, the Court directed defendant LendingTree, LLC to show cause why the above-titled action should not be remanded for lack of subject matter jurisdiction. Before the Court is defendant's response, as well as plaintiffs' reply thereto. Having read and considered the parties' respective submissions, the Court hereby rules as follows.

On September 7, 2017, plaintiffs filed the above-titled action in state court, and allege in their complaint a single, state law cause of action, specifically, a claim under § 17529.5 of the California Business and Professions Code, which statute prohibits, under circumstances identified therein, advertising in commercial emails. See Cal. Bus. & Prof. Code § 17529.5(a) (listing three "circumstances" under which it is "illegal for any person or entity to advertise in a commercial e-mail"). On December 12, 2017, defendant, relying on diversity jurisdiction, removed the action.

A district court has diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the matter is "between . . . citizens of different States." See 28 U.S.C. § 1332(a).

With respect to the second element, diversity of citizenship, the Court, in its order

1  to show cause, found defendant's showing deficient, as defendant asserted plaintiffs are
2  citizens of California but did not identify the state or states in which defendant's owners or
3  members are citizens. See Johnson v. Columbia Properties Anchorage, LP, 437 F. 3d
4  894, 899 (9th Cir. 2006) (holding "limited liability corporation" is a "citizen of every state in
5  which its owners/members are citizens"). In its response, defendant states it has one
6  member, specifically, Lending Tree, Inc., and has established that its member is
7  incorporated in Delaware and has its principal place of business in North Carolina. (See
8  DeCristo Decl. ¶ 3.)

Accordingly, the Court is satisfied the parties are diverse in citizenship.

The Court turns to the issue of whether the requisite amount in controversy is established. Although, in its order to show cause, the Court did not question the sufficiency of defendant's showing regarding the amount in controversy, and, indeed, found defendant's showing was sufficient, defendant, in its response to the order to show, has addressed the issue, and plaintiffs, in their reply, now argue defendant's showing as to the amount in controversy is deficient and that, as a result, the instant action should be remanded for lack of subject matter jurisdiction. As set forth below, the Court continues to find defendant has made a sufficient showing as to the amount in controversy.

As noted, the complaint consists of a single cause of action asserted jointly by the three plaintiffs. Each plaintiff's claim is based on her receipt from defendant of commercial emails that include, according to plaintiffs, "the same" subject line, which line, plaintiffs allege, is "absolutely false" or, in the alternative, is "misleading relative to the contents of the subject matter of the emails." (See Compl. ¶¶ 24-28.) As each plaintiff's claim arises out of the same controversy, specifically, whether defendant's commercial emails were in violation of § 17529.5, the Court has jurisdiction over each such claim, provided the amount in controversy as to one such plaintiff's claim exceeds the sum of $75,000. See Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 549, 566-67 (2005) (holding where at least one plaintiff in "diversity action allege[s] a sufficient amount in controversy," court may exercise "supplemental jurisdiction over all claims by [other]

diverse [plaintiffs] arising out of the same Article III case or controversy").

Here, on behalf of plaintiff Molly Vongchan ("Vongchan"), plaintiffs seek damages in the amount of $59,000, as well as an award of attorneys' fees (see Compl., prayer for relief, ¶¶ B, E),[1] and defendant, in its notice of removal, has sufficiently shown it is reasonable to anticipate Vongchan will receive an award of attorneys' fees in excess of $16,000 if she were to prevail on the merits (see Notice of Removal ¶¶ 21-23, 25-28).

Plaintiffs argue that, in determining the amount in controversy in a removed action, a court should only consider the amount of attorneys' fees that had accrued as of the time of removal, which amount plaintiffs assert was $5733. (See Harker Decl. ¶ 2.)

Although, as plaintiffs correctly observe, some courts have so ruled, see, e.g., Rachner v. Network Funding, L.P., 2017 WL 5508518, at *4 (C.D. Cal. November 16, 2017) (noting, without resolving issue, "courts are split as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case") (collecting citing cases) (internal quotation, citation and alteration omitted), the Court finds more persuasive those courts that have found "the measure of fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred," see Simmons v. PCR Technology, 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002) (holding, because "[t]he court determines the amount in controversy based on damages that can reasonably be anticipated at the time of removal," and because attorneys' fees are considered part of that amount, "the measure of fees [similarly] should be the amount that can reasonably be anticipated at the time of removal"); see also Brady v. Mercedes-Benz USA, Inc., 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (holding "a reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy," finding "[w]here the law

---

[1] A "prevailing plaintiff" under § 17529.5 is entitled to "reasonable attorney's fees." See Cal. Bus. & Prof. Code § 17529.5(b)(1)(C).

3

entitles the prevailing party to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy").

Further, although neither the Supreme Court nor the Ninth Circuit has expressly held that the amount of attorney's fees properly considered for purposes of determining the amount in controversy is the amount the plaintiff is reasonably anticipated to recover in the event the plaintiff prevails, such understanding appears implicit in several cases. See Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 133 (1933) (holding removal proper where amount in controversy included attorneys' fees plaintiff alleged he "would" receive if he prevailed); Guglielmino v. McKee Foods Corp., 506 F.3d 696, 698, 701 (9th Cir. 2007) (affirming district court's order denying remand; finding requisite amount in controversy shown where calculation included "estimate" of attorneys' fees likely to be recovered if plaintiff prevailed); Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1152, 1155-56 (9th Cir. 1998) (affirming district court's retention of jurisdiction and its finding as to amount in controversy, where district court added "projected attorneys' fees" to "principal claim amount").

Accordingly, as the Court finds defendant has shown the requisite amount in controversy has been established, the order to show cause is hereby DISCHARGED.

**IT IS SO ORDERED.**

Dated: April 16, 2018

MAXINE M. CHESNEY
United States District Judge