IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN SORIANO, ET AL.,<br>Plaintiffs,<br>v.<br>LENDINGTREE, LLC,<br>Defendant. | Case No. 17-cv-07078-MMC<br><br>**ORDER DIRECTING DEFENDANT TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF STANDING; VACATING HEARING ON DEFENDANT'S MOTION TO DISMISS; VACATING CASE MANAGEMENT CONFERENCE** |

Before the Court is defendant LendingTree, LLC's ("LendingTree") Motion, filed December 18, 2017, "to Dismiss Plaintiffs' Complaint." Plaintiffs Carmen Soriano, Mary Joyce Vallarta, and Molly Vongchan have filed opposition, to which LendingTree has replied. Having read and considered the parties' respective written submissions, the Court, for the reasons stated below, will direct LendingTree to show cause why the above-titled action should not be remanded for lack of subject matter jurisdiction.

In their complaint, filed in state court on September 7, 2017, and removed by LendingTree on December 12, 2017, plaintiffs assert a single cause of action, specifically, a claim under § 17529.5 of the California Business and Professions Code. Section 17529.5 prohibits advertising in a commercial email that, inter alia, "contains or is accompanied by falsified [or] misrepresented . . . header information," see Cal. Bus. & Prof. Code § 17529.5(a)(2), or "has a subject line that a person knows would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message," see Cal. Bus. & Prof. Code § 17529.5(a)(3).

In support thereof, plaintiffs allege they received from LendingTree commercial emails, each of which contained a "subject line" stating "[Recipient] Confirm Your Personal Loan #987." (See Compl. ¶ 25.) According to plaintiffs, the subject line is "absolutely false" (see Compl. ¶ 24), and, in addition, is "misleading relative to the contents or subject matter of the emails" (see Compl. ¶ 26), for the reason that the subject line "implies . . . a preexisting relationship exists between LendingTree and the recipient" on the basis of which "the recipient has been approved for a loan" that "has a unique number," and that "the only step the recipient must take to finalize the loan is to confirm it" (see Compl. ¶ 27), whereas the content of the emails consists of "an advertisement offering the recipient an opportunity to apply for a loan" (see Compl. ¶ 28).[1]

In its motion to dismiss, LendingTree argues the subject line contains no representation on which plaintiffs could have reasonably relied, in light of plaintiffs' allegations that none of them "had a preexisting or current business with [LendingTree]" (see Compl. ¶ 1) and that none had "made an application . . . regarding products or services offered by [LendingTree]" (see Compl. ¶ 18 and n.4). Although LendingTree argues such circumstance compels dismissal of plaintiffs' claims on their merits, plaintiffs, in their opposition, correctly observe that actual reliance is not an element of a claim brought under § 17529.5(a). See Hypertouch, Inc. v. ValueClick, Inc., 192 Cal. App. 4th 805, 822 (2011) (holding "section 17529.5 differs from common law fraud in that it does not require the plaintiff to prove that [such plaintiff] relied on the deceptive commercial e-mail message"). Whether or not plaintiffs were injured by their receipt of the challenged emails, however, does implicate the Court's jurisdiction to hear plaintiffs' claims, and, consequently, the Court sua sponte raises such jurisdictional issue. See Polo v. Innovations Int'l, LLC, 833 F.3d 1193, 1196 (9th Cir. 2016) (holding "ultimate

---

[1] A "representative sample" of the challenged emails is attached to the complaint as an exhibit.

2

1  responsibility to ensure jurisdiction lies with the district court").

2  Where a plaintiff lacks an "injury in fact" caused by the assertedly wrongful conduct of the defendant, the plaintiff lacks standing under Article III of the United States Constitution, and, consequently, the district court lacks subject matter jurisdiction over the claim. See Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). To establish an "injury in fact," the plaintiff must show he/she "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical'." See id. (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). A plaintiff "does not automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right," but only where the alleged statutory violation "caused [the plaintiff] to suffer some harm." See Robins v. Spokeo, Inc., 867 F.3d 1108, 1112 (9th Cir. 2017) (internal quotation, citation and alteration omitted).

Here, the complaint does not allege facts to support a finding that any plaintiff suffered any type of concrete and particularized injury from her receipt of the challenged emails. Nor does the notice of removal include any such allegation. See Polo, 833 F.3d at 1197 (holding where removed complaint "lacked a named plaintiff with Article III standing," complaint was "not properly removed"). Under such circumstances, it would appear the complaint is subject to remand for lack of jurisdiction. See id. at 1196 (citing "rule" that "a removed case in which the plaintiff lacks Article III standing must be remanded to state court"); see also FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) (holding standing must "affirmatively appear in the record") (internal quotation and citation omitted).

Accordingly, LendingTree, as the party who has invoked federal jurisdiction, is hereby ORDERED TO SHOW CAUSE, in writing and no later than June 1, 2018, why the above-titled action should not be remanded to state court. Plaintiffs shall file any reply thereto no later than June 15, 2018.

Lastly, in light of the above, the hearing on LendingTree's motion to dismiss,

3

currently noticed for May 25, 2018, and the Case Management Conference, currently scheduled for July 2, 2018, are hereby VACATED, and will be reset by the Court in the event the instant order to show cause is discharged.

**IT IS SO ORDERED.**

Dated: May 22, 2018

MAXINE M. CHESNEY
United States District Judge