1  Kavon Adli, California State Bar No. 203040
2  Seth W. Wiener, California State Bar No. 203747
   THE INTERNET LAW GROUP
3  609 Karina Court
   San Ramon, California 94582
   Telephone:    (925) 487-5607
4  Facsimile:    (310) 356-3257

5
   Attorneys for Defendant
6  LendingTree, LLC

                    **UNITED STATES DISTRICT COURT**
7
                    **NORTHERN DISTRICT OF CALIFORNIA**
8

9  CARMEN SORIANO, an individual;              Case No. 17-cv-07078-MMC
   MARY JOYCE VALLARTA, an individual;
10 MOLLY VONGCHAN, an individual,              **RESPONSE OF DEFENDANT**
                                              **LENDINGTREE, LLC TO ORDER**
11                Plaintiffs,                 **TO SHOW CAUSE DATED MAY 22,**
                                              **2018**
12      vs.
                                              Judge:   Hon. Maxine M. Chesney
13 LENDINGTREE, LLC, a Delaware limited liability   Ctrm:   7, 19th Floor
   company; and DOES 1-100,
14

15                Defendants.

16

17      Defendant LENDINGTREE, LLC (hereinafter "Defendant" or "LTL") respectfully submits

18 this response to the Court's Order to Show Cause, dated May 22, 2018, as to why this action should

19 not be remanded to State Court for lack of subject matter jurisdiction.  (Doc. 26). For the reasons

20 explained below, Plaintiffs have alleged an injury-in-fact, which is sufficient to warrant Article III

21 standing by Plaintiffs, and warranting the exercise of subject matter jurisdiction over this action by

22 this Court.

23 **I.    INTRODUCTION**

24      Plaintiffs brought this Action in State Court, alleging that LTL violated California Business

25 and Professions Code § 17529.5 ("§ 17529.5"), by sending commercial emails to their respective

26 email accounts that contain "falsified" or "misrepresented" header information, or "misleading"

27 subject lines.  According to Plaintiff's own Complaint, they "suffer[ed] damages by receiving the

28

1  unlawful spams" advertising LTL's products and services.  Doc. 1-1, Exh. A, ¶ 4. Plaintiffs assert

2  that under § 17529.5, they need not "quantify their actual damages," but may elect under the statute

3  to "recover liquidated damages" of $1,000 per email.  *Id.,* ¶ 36.  Plaintiffs made such an election in

4  their Complaint.  *Id.,* ¶ 37.

5      Taken as true, at the pleading stage, Plaintiffs' allegations of the receipt of commercial

6  emails from LTL, which Plaintiffs assert contain "falsified" header information, and "misleading"

7  subject lines, coupled with allegations of actual "damages" suffered by Plaintiffs, provide Plaintiffs

8  with Article III standing; alleged actual and concrete injury in fact, suffered by each of them.

9  Therefore, because Plaintiffs must be deemed to have Article III standing, this Court can properly

10  exercise subject matter jurisdiction over this Action.

11      Moreover, even if Plaintiffs' allegations of actual "damages" were not enough, Plaintiffs'

12  assertions in their Complaint, that the supposed actions of LTL, in initiating, and advertising in the

13  commercial emails at issue, which emails contain supposed false or misrepresented information,

14  constitute alleged violations of Plaintiffs' rights provided for by §17529.5, requiring a finding of

15  Article III standing.  As described in legislative findings as to the impetus behind the enactment of §

16  17529.5, unsolicited commercial emails impose unwarranted costs on users, which may be difficult

17  to quantify, but are incurred by recipients, nonetheless.  Therefore, this conduct requires regulation,

18  including the creation of the right of an individual person to sue for a violation of such regulations.

19  Cal. Bus. & Prof. Code §17529; §17529.1, §17529.5.  Thus, Plaintiffs' allegations of a violation of

20  their specific rights created by statute, and designed to protect consumers, is sufficient to constitute

21  an injury in fact for purposes of Article III standing.

22      Indeed, in a prior decision, a Federal Court in this District has held that allegations of

23  violations of a plaintiff's statutory rights provided for in § 17529.5, are sufficient for purposes of

24  Article III standing.  Therefore, allegations by Plaintiffs of a violation of their statutory rights by

25  LTL are sufficient to satisfy Article III standing, warranting the exercise of subject matter

26  jurisdiction by this Court over this Action.

27      As such, because the Court can exercise subject matter jurisdiction over this Action, it

28

1  should not remand this Action to State Court.

2  **II.**   **STATEMENT OF PROCEDURAL BACKGROUND**

3       On or about September 7, 2017, Plaintiffs CARMEN SORIANO ("Soriano"), MARY

4  JOYCE VALLARTA ("Vallarta"), and MOLLY VANGCHAN ("Vangchan", together with

5  "Soriano" and "Vallarta", collectively "Plaintiffs"), filed this action against Defendant LTL in the

6  Superior Court of California, City and County of San Francisco (the "Action").  Doc 1-1, Exh. A.

7  The Complaint alleges various supposed violations of California's statute pertaining to unsolicited

8  commercial email advertisements, engaged in by LTL.  *Id.*; *see also* Cal. Bus & Prof. Code §

9  17529.5 ("§ 17529.5").  *Id.*

10      According to the allegations in Plaintiffs' Complaint, Plaintiffs assert that each of them

11  received commercial emails that contained advertisements for LTL products and services, which

12  emails were initiated by LTL.  Doc. 1-1, Exh. A  Plaintiffs further allege that all of the commercial

13  emails violate §17529.5(a)(2), (3), because each of them contain materially "false and deceptive

14  information" in the headers and subject lines.  Doc. 1-1, Exh. A, ¶ 2.

15      Plaintiffs also specifically allege that each of them "did suffer damages by receiving the

16  unlawful spams advertising LendingTree's products and services" in their respective email

17  accounts.  Doc. 1-1, Exh. A, ¶ 37.  In their Complaint, Plaintiffs have elected to recover statutory,

18  liquidated damages of $1,000 per violative commercial email, rather than actual damages, which

19  election is allowed for under §17529.5.  *Id.*; *see also* Cal. Bus. & Prof. Code §17529.5(b)(1)(B).

20      LTL removed this Action to Federal Court by Notice of Removal on December 12, 2017.

21  Doc. 1.  Removal by LTL to Federal District Court was based upon diversity, as Plaintiffs and LTL

22  are not residents of the same state, and the amount in controversy exceeds $75,000, exclusive of

23  interest and costs.  The Notice of Removal filed by Defendant included as an exhibit, Plaintiffs

24  entire Complaint.  Doc. 1-1, Exh. A.  Removal was upheld by the Court through an Order dated

25  April 16, 2018. Doc. 21.

26      On May 22, 2018, the District Court, *sua sponte,* issued an Order to Show Cause directed at

27  LTL, requiring LTL to provide evidence as to why the Action should not be remanded to State

28

1  Court due to lack of Article III standing by Plaintiffs. Doc. 26.  The Order to Show Cause is based

2  on the Court's initial assessment that Plaintiffs lack Article III standing, as LTL supposedly failed

3  to provide facts sufficient to show that the Court could exercise subject matter jurisdiction over this

4  Action, because Plaintiffs' Complaint does not contain allegations showing "injury in fact" caused

5  by the wrongful conduct of LTL.  LTL now opposes such Order to Show Cause.

6  ### III.    <u>ARGUMENT</u>

7        This Action should not be remanded to State Court, because LTL has demonstrated that

8  Plaintiffs' Complaint contains allegations of sufficient, concrete and particularized "injury in fact"

9  suffered by Plaintiffs, to warrant Article III standing, and allow the Court to exercise subject matter

10  jurisdiction over this Action.  Plaintiffs' Complaint, itself, alleges that through receipt of

11  commercial emails from LTL, which contain allegedly "falsified" header information, and

12  "misrepresented" subject lines, Plaintiffs suffered actual "damages"; injury in fact that is concrete,

13  particularized to each Plaintiff, traceable to the challenged actions of LTL, and can be remedied by

14  a favorable ruling from the Court.

15        Moreover, the allegations contained in Plaintiffs' Complaint as to LTL's conduct, if true,

16  constitute violations of consumer rights granted to Plaintiffs by statute, which violations satisfy the

17  injury in fact requirement of Article III standing.  A Federal Court in this District, has already

18  determined that such allegations are sufficient for purposes of injury in fact and Article III standing.

19  Indeed, after a decade of overseeing litigation regarding claims made under §17529.5, no Federal

20  Court has ever remanded or dismissed such an action for lack of Article III standing, based on lack

21  of allegations of injury in fact.  Therefore, this Court has subject matter jurisdiction over the claims

22  in this Action, and the case should not be remanded to State Court.

23      **A.**    **Legal Standard - Article III Standing**

24        To satisfy Article III standing for purposes of maintaining an action in Federal Court, a party

25  must allege the following: (1) an injury in fact that is concrete and particularized, as well as actual

26  or imminent, (2) that the injury is fairly traceable to the challenged action of the defendant, and (3)

27  that the injury is addressable by a favorable ruling.  *Spokeo v. Robins,* 136 S. Ct. 1540, 1548 (2016);

28

1   *Fraser v. Wal-Mart Stores, Inc.,* 2016 WL 6094512, *3 (E.D. Cal. Oct. 18, 2016).  The party

2   invoking federal jurisdiction bears the burden of establishing these elements with the manner and

3   degree of evidence required at the successive stages of the litigation.  *Id.*  For purposes of Article III

4   Standing, the injury to the party must have actually occurred, or must occur imminently;

5   hypothetical, speculative, or other possible future injuries do not count in the standings calculus.

6   *Spokeo*, 136 S. Ct. at 1548.  If the jurisdictional issue is inextricably intertwined with the merits of

7   the case, the Court may not determine the jurisdiction issue at the pleading stage of the action.

8   *Fraser*, 2016 WL 6094512, at *2.

9        At the pleadings stage, the party seeking Article III Standing must show that the pleading at

10  issue clearly alleges facts demonstrating each element required to establish standing.  *Fraser*, 2016

11  WL 60945128, at *2; *Progressive Health and Rehab Corp. v. Strategy Anesthesia LLC*, 271 F.

12  Supp. 3d 941 (S.D. Ohio 2017).

13       For an injury to be cognizable under the standing doctrine, it must be particularized,

14  meaning it affects the plaintiff in a personal and individual manner.  *Fraser,* 2016 WL 60945128, at

15  *3.  Additionally, the injury must be concrete, meaning it must actually exist, must be real, and not

16  abstract.  *Id.*, at *4.  However, the injury need not be tangible, to qualify as an injury in fact.  *Id.*  An

17  intangible injury can also qualify as concrete for purposes of Article III standing analysis.  *Id.*

18       In order to determine whether the statute at issue satisfies the Article III injury requirement,

19  courts may review case law and legislative history regarding the purpose of the statute, and the

20  provisions in the statute regarding injury and/or damages.  *In re Facebook Privacy Litigation,* 192

21  F. Supp. 3d 1053, 1060 (N.D. Cal. 2016); *Fraser*, 2016 WL 60945128, at *4.

22       Generally, a legal interest sufficient to create standing consists of obtaining compensation

23  for, or preventing the violation of a legally protected right.  *Spokeo*, 136 S. Ct., at 1549; *Palm Beach

24  Golf Center-Boca Inc. v. John G. Serus, DDS, PA*, 781 F.3d 1245, 1251 (11th Cir. 2015).  Thus,

25  where a statute confers new legal rights on a person, that person will have Article III standing to

26  sue, where the facts establish a concrete particularized and personal injury to that person as a result

27  of the violation by the defendant of the newly created legal rights.  *Id.*  Even if the statute does not

28

require monetary loss in order to recover, injury for purposes of Article III standing may still result if the statute at issue is clearly intended to prevent personal or particularized harm.  *Id.*; *see also Fraser*, 2016 WL 6094512, *4.  This is particularly true, where the legislature intended to provide robust consumer protections.  *Id.*; *see also In re Hulu Privacy Litigation*, 2013 WL 6775794, *4 (N.D. Cal. Dec. 20, 2013).

**B.     Plaintiffs Allege Concrete Injury in their Complaint, Providing for Article III Standing, and Subject Matter Jurisdiction by the Court**

The Court issued a *sua sponte* Order to Show Cause that requires Defendant LTL to show why this Action should not be remanded to State Court due to lack of subject matter jurisdiction.  In its Order to Show Cause, the Court asserts that Plaintiffs lack Article III standing, because they supposedly allege no injury in fact in their Complaint.  As described above and below in detail, a review of the allegations in Plaintiffs' own Complaint demonstrate that they allege an injury in fact as to each of them, which injury is concrete and particular, allowing for Article III standing, and subject matter jurisdiction by the Court.[1]

As alleged in their Complaint, Plaintiffs claim to have received commercial emails that were initiated by LTL, and that advertise products or services offered by LTL.  Doc. 1-1, Exh. A.  According to the allegations in Plaintiffs' Complaint, such commercial emails violate §17529.5(a)(2), (3), because the commercial emails allegedly contain materially false or deceptive information in the "headers," and the "subject" lines are materially misleading.  *Id*. Plaintiffs further

---

[1] In the Order to Show Cause, the Court states that "actual reliance is not an element of a claim brought under §17529.5(a)."  Doc. 26, p. 2:18-19. Defendant believes that failure of a plaintiff to allege and prove reliance bars claims under § 17529.5(a), based upon CAN-SPAM's pre-emption provision.  Pursuant to CAN-SPAM's pre-emption clause, all state laws that regulate the use of electronic mail to send commercial messages are pre-empted, except to the extent that such statute "prohibits falsity or deception."  15 U.S.C. §7707(b)(1); *see also Gordon v. Virtumondo*, 575 F.3d 1040, 1061 (9th Cir. 2009); *Kleffman v. Vonage Holdings Corp.*, 2007 WL 1518650, *3 (C.D. Cal. 2007).  "Deception" is defined as "intentionally misleading" and "[s]ynonymous with fraud."  Black's Law Dictionary, at 406 (6th Ed. 1990).  A claim for fraud requires "reliance."  *Id.*, at 660; *Jackman v. Mau*, 78 Cal. App. 2d 234 (1947).  Therefore, as Plaintiffs' claims are based upon allegedly "deceptive information" in each of the emails at issue, they must allege and prove "reliance" or their claims are pre-empted by CAN-SPAM.

1   allege that each of them "did suffer damages by receiving the spams," which they allege violate

2   their rights under § 17529.5.  Doc. 1-1, ¶¶ 4, 37.

3        These allegations in Plaintiffs' Complaint, put together, clearly satisfy each of the elements

4   required for Article III standing by Plaintiffs: (1) an injury in fact, consisting of "damages" to each

5   Plaintiff from receipt of unsolicited commercial emails, allegedly containing false or misleading

6   information, which injury is concrete and particularized as to each of the Plaintiffs, (2) the injury to

7   each of the Plaintiffs is fairly traceable to the challenged actions of LTL, which actions involve

8   allegedly initiating the commercial emails, with false or misleading information, and (3) the injury,

9   if proven, is redressable by the award of statutory damages to the Plaintiffs, as provided for by

10  statute.  At the pleadings stage of this Action, such allegations of injury in fact by Plaintiffs, which

11  must be taken as true, are sufficient to demonstrate Article III standing.

12       Moreover, this Court is precluded from raising or ruling on the issue of Article III standing

13  at the pleadings stage, because this jurisdictional issue is inextricably intertwined with the merits of

14  the case.  In order to prove their claims under § 17529.5 in this action, Plaintiffs must demonstrate

15  that each of them actually received one of the commercial emails at issue, that each such

16  commercial email was unsolicited, and that each such email contains materially false or deceptive

17  "header" information, or "subject lines" that are likely to mislead a reasonable person as to the

18  content of the email.  Cal. Bus. & Prof. Code §17529.5 (a)(2), (3).  These are all factual issues that

19  have yet to be determined, but are inexorably intertwined with the supposed injury in fact suffered

20  by each of the Plaintiffs, due to alleged receipt of commercial emails from LTL.  Therefore, the

21  Court may not make an Article III standing determination at this stage of the Action.

22   **C.   Plaintiffs Allege a Violation of a Statutory Right Provided for by a Consumer**

23        **Protection Statute, Allowing for Article III Standing**

24       Even if Plaintiffs did not specifically allege in their Complaint actual "damages" and injury

25  as a result of receiving the "spams," which they have, such allegations are not required in order to

26  establish Article III standing, for purposes of this consumer protection statute.  As described above,

27  § 17529.5 is designed as a consumer protection statute, which was enacted to afford individual

28

1    consumers the right and ability to obtain redress for the receipt of unsolicited commercial emails

2    that contain false, deceptive, or misleading "header" information or "subject" lines.  Cal. Bus. &

3    Prof. Code § 17529; § 17929.1; § 17529.5(b); *see also Hoang v. Reunion.com, Inc.*, 2010 WL

4    1340535, *4 (N.D. Cal. Mar. 31, 2010).  Federal Courts in California have held that for purposes of

5    Article III standing, alleging the violation of a consumer protection oriented statute, like § 17529.5,

6    together with tangible or intangible injuries to the plaintiff, is sufficient.  *Fraser*, 2016 WL

7    6094512, at *6.

8          The allegations and statute at issue in this Action are little different than the allegations and

9    statute at issue in *Fraser*, and the outcome should therefore be the same.  In *Fraser*, plaintiffs

10   alleged that defendant violated the Song-Beverly Credit Card Act, by allegedly requesting and

11   recording the zip codes of customers in defendant's California retail stores; under the Song-Beverly

12   Credit Card Act, a retailer may not request personal identification information when a consumer

13   makes a credit card purchase, which includes a person's zip code.  *Fraser*, 2016 WL 6094512, at

14   *4.  Defendant in *Fraser* moved for a ruling by the District Court that it lacked subject matter

15   jurisdiction to hear the action, due to lack of Article III standing by plaintiffs.  *Id.*

16         The *Fraser* court denied defendant's motion.  The *Fraser* court ruled that the violation of

17   the consumer protection statute was "sufficient to satisfy Article III standing requirements," even

18   though plaintiffs only sought civil penalties as a remedy.  *Id.*, at *3, 6.  The *Fraser* Court also held

19   that plaintiffs alleged concrete harm, because they asserted that the collection of zip codes exposed

20   them to fraud, theft, hacking and "undesired marketing contact."  *Id.*, at *6.

21         The Complaint in this Action, Plaintiffs' allegations in the Complaint, and the consumer

22   protection statute are not materially different than those at issue in *Fraser*.  Similar to the provisions

23   in the Song-Beverly Credit Card Act, § 17529.5 is aimed at the protection of consumers from

24   deceptive, fraudulent actions by businesses.  Like the provisions in the Song-Beverly Credit Card

25   Act, plaintiffs alleging a violation of § 17529.5 may seek civil penalties for a violation of the

26   statute, not actual damages, which violations of the statute constitute the harm.  And, like the Song-

27   Beverly Credit Card Act, § 17529.5 is intended to prevent and remedy unwarranted marketing

28

1   contact to consumers from businesses.  Therefore, as in *Fraser*, the Court should find that an

2   alleged violation of the provisions of § 17529.5, as Plaintiffs make in their Complaint, is sufficient

3   to constitute an injury in fact for purposes of Article III standing.

4          Moreover, despite over a decade of Federal Courts being required to oversee litigation

5   involving § 17529.5, no court has issued a decision finding that a plaintiff has not sufficiently

6   alleged injury in fact, by virtue of alleging a violation of § 17529.5.  *See Silverstein v. Keynetics,*

7   *Inc.*, 2018 WL 1164715 (9th Cir. Mar. 6, 2018); *Silverstein v. Keynetics, Inc.*, 2016 WL 7475616

8   (N.D. Cal. Dec. 29, 2016); *Wagner v. Digital Publishing Corp.*, 2014 WL 5140288 (N.D. Cal. Oct.

9   10, 2014); *Moreland v. Ad Optimizers, LLC*, 2013 WL 3786311 (N.D. Cal. July 18, 2013); *Asis*

10  *Internet Services v. Vista Print USA, Inc.*, 617 F. Supp.2d 989 (N.D. Cal. 2009); *Asis Internet*

11  *Services v. Consumer Bargain Giveaways, LLC*, 622  F.Supp. 2d 935 (N.D. Cal. 2009); *Asis*

12  *Internet Services v. Optin Global, Inc.*, 2006 WL 1820982 (N.D. Cal. June 30, 2006).  This Court

13  should not upset such precedents, especially given the clear allegations of "damages" and injury in

14  fact alleged by Plaintiffs in their Complaint.

15         Lastly, this Court has already addressed this issue previously, and found that an alleged

16  violation of § 17529.5, including allegations of commercial emails that contain "false and deceptive

17  statements" is sufficient, in and of itself, to allow for Article III standing.  *See Hoang*, 2010 WL

18  1340535, at *3-4.  As such, the Court should follow its own precedent on this issue.

19  **IV.**   **CONCLUSION**

20         The Court should not remand this action to State Court, as LTL has submitted sufficient

21  evidence to demonstrate that Plaintiffs have alleged an injury in fact for purposes of Article III

22  standing, and the Court can exercise subject matter jurisdiction over this action.

23

24  DATED:  June 1, 2018               THE INTERNET LAW GROUP

25                                     By: _____

26                                           Seth W. Wiener

27                                     Attorneys for Defendant
                                       LENDINGTREE, LLC

28

1  Kavon Adli, California State Bar No. 203040
   Seth W. Wiener, California State Bar No. 203747
2  THE INTERNET LAW GROUP
   609 Karina Court
3  San Ramon, California 94582
   Telephone:  (925) 487-5607
4  Facsimile:   (310) 356-3257

5  Attorneys for Defendant
6  LendingTree, LLC

7                **UNITED STATES DISTRICT COURT**

8              **NORTHERN DISTRICT OF CALIFORNIA**

9  CARMEN SORIANO, an individual;            Case No. 17-cv-07078-MMC
   MARY JOYCE VALLARTA, an individual;
10 MOLLY VONGCHAN, an individual,            **PROOF OF SERVICE**

11                        Plaintiffs,
12
        vs.
13
14 LENDINGTREE, LLC, a Delaware limited
   liability company; and DOES 1-100,
15
                       Defendants.
16

17 I, Seth W. Wiener, declare:
18 I am employed in Contra Costa County, California.  I am over eighteen years of age and not a
        party to this action.  My business address is 609 Karina Court, San Ramon, CA 94582.  On
19      June 1, 2018, I served a true and correct copy of the following document(s):
20 **RESPONSE OF DEFENDANT LENDINGTREE, LLC TO ORDER TO SHOW CAUSE
   DATED MAY 22, 2018**
21 X      ELECTRONICALLY: I caused a true and correct copy thereof to be electronically filed
        using the Court's Electronic Court Filing ("ECF") System and served was completed by
22      electronic means by transmittal of a Notice of Electronic Filing on the registered
        participants of the ECF System.
23      I declare under penalty of perjury under the laws of the United States of America that the
   foregoing is true and correct and that this Proof of Service was executed on June 1, 2018, at San
24 Ramon, California.

25

26      _____
             Seth W. Wiener
27

28

Response of Defendant LendingTree, LLC to Order to Show Cause Dated May 22, 2018
Page 10