Jacob Harker (State Bar No. 261262)
LAW OFFICES OF JACOB HARKER
582 Market Street, Suite 1007
San Francisco, CA 94104
Tel: (415) 624-7602
Fax: (415) 684-7757
Email: jacob@harkercounsel.com

Daniel L. Balsam (State Bar No. 260423)
THE LAW OFFICES OF DANIEL BALSAM
2601C Blanding Avenue #271
Alameda, CA 94501
Tel: (415) 869-2873
Fax: (415) 869-2873
Email: legal@danbalsam.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)**

| | |
|---|---|
| CARMEN SORIANO *et al*, | ) Case No.:     3:17-cv-07078-MMC )  |
| Plaintiffs, | ) **PLAINTIFFS' REPLY TO LENDING** ) **TREE LLC'S RESPONSE TO ORDER** |
| v. | ) **DIRECTING DEFENDANT TO SHOW** ) **CAUSE WHY ACTION SHOULD NOT BE** |
| LENDINGTREE LLC *et al*, | ) **REMANDED FOR LACK OF STANDING** ) |
| Defendants. | ) |

**I. INTRODUCTION**

By its May 22 Order to Show Cause (Docket #26), this Court *sua sponte* challenged Defendant Lending Tree LLC ("LTL") – as the party who invoked federal jurisdiction by removing the Action from state court – to demonstrate that this federal Court has jurisdiction, in light of the fact that neither Plaintiffs in the Complaint, nor LTL in the Notice of Removal, sufficiently alleged concrete and particularized injuries to establish Article III standing.  OSC at 3:14-27.

LTL failed to meet its burden.  Accordingly, this Court should remand the Action to state court.

**1**

## II. STATEMENT OF FACTS / PROCEDURAL HISTORY

Plaintiffs filed this Action in the Superior Court of California, County of San Francisco on September 7, 2017 over their receipt of unlawful LTL spams, which violate Cal. Business & Professions Code § 17529.5 ("Section 17529.5"). Following service, LTL timely removed to federal court on December 12 (Docket #1). On December 22, this Court issued an Order to LTL (Docket #15) to show cause why the Action should not be remanded, on the grounds that LTL failed to state the citizenship of its members. LTL's Response (Docket #16) also invoked the issue of attorneys' fees. On April 16, 2018, this Court entered an Order (Docket #21) maintaining diversity jurisdiction on the basis that it could include projected attorney's fees through the end of the case for purposes of passing the $75,000 amount-in-controversy threshold.

That Order revived LTL's Motion to Dismiss ("MTD") (Docket #12), filed on December 18, which had been stayed pending resolution of the question of diversity jurisdiction. In its MTD, LTL repeatedly argued that: a) the spams they received did not violate Section 17529.5, and/or b) Plaintiffs failed to allege that any of the spams contained any material falsity, and therefore their claims were preempted by the federal CAN-SPAM Act. *See* MTD, generally.

Plaintiffs filed an Opposition (Docket #23) on April 27, 2018, and LTL filed a Reply (Docket #25) on April 30. Just three days before the scheduled May 25 hearing date, this Court issued another OSC to LTL relating to federal jurisdiction (Docket #22). This time, the Court raised the issue of Article III standing, stating that

> [T]he complaint does not allege facts to support a finding that any plaintiff suffered any type of concrete and particularized injury from her receipt of the challenged emails. Nor does the notice of removal include any such allegation.

*Id.* at 3:14-16.

LTL filed a Response (Docket #27) on June 1, in which it takes the opposite position it did in its MTD, now impliedly conceding that Plaintiffs did sufficiently plead a cause of action for violations of Section 17529.5. Response at 2:5-7, 3:12-14, 6:17-19.

## III. DISCUSSION

### A. Plaintiffs Never Alleged a Concrete and Particularized Injury

Plaintiffs only mention damages twice in the Complaint: ". . . Plaintiffs did suffer damages by receiving the spams" (¶ 4) and "Plaintiffs did suffer damages by receiving the

unlawful spams advertising LENDINGTREE's products and services . . .." (¶ 37). And Plaintiffs neither specified those damages nor sought their recovery. *See* Complaint, generally.

Plaintiffs only seek liquidated damages for LTL's violations of Section 17529.5. *See* Complaint, generally. Plaintiffs assert that their Complaint is not futile; even if there is no Article III standing in federal court, the allegations in the Complaint and the Prayer for liquidated damages are sufficient to maintain an action in California state court after remand. *Grosset v. Wenaas*, 42 Cal. 4th 1100, 1117 n.13 (2008).

Although LTL argues that Plaintiffs allege a concrete injury, Response at § D, the Complaint fails to identify, much less quantify, any such alleged injury.

Plaintiffs agree with this Court that neither the Complaint nor the Notice of Removal alleges facts to support a finding that any Plaintiff suffered the type of concrete and particularized injury from her receipt of the LTL spams necessary to give this federal Court Article III jurisdiction over the Action.

**B. Actual Damages are not an Element of a Section 17529.5 Claim**

Consistent with this Court's holding that reliance is not an element of a Section 17529.5 claim, OSC at 2:18-19, actual damages are also not an element of a Section 17529.5 claim. Indeed, the statute specifically states that spam recipients can claim liquidated damages instead of actual damages. Cal. Bus. & Prof. Code § 17529.5(b)(1)(B). In its Response, LTL did not argue that damages are an element of such a claim. *See* Response, generally.

**C. LTL Implicitly Argues that Any Violation of Section 17529.5 Automatically Satisfies the Injury-In-Fact Requirement**

LTL relies almost exclusively on *Fraser v. Wal-Mart Stores, Inc.*, 2016 U.S. Dist. LEXIS 144351 (E.D. Cal. Oct. 18, 2016) in its Response to this OSC. Response at 5:13-17, § C. Of course, a ruling from another District Court is not binding on this Court, and neither is a prior ruling from this Court (*infra*).

In *Fraser*, the plaintiffs alleged that defendant Wal-Mart requested and recorded customers' ZIP codes in its California retail stores in violation of the Song-Beverly Credit Card Act of 1971. *Id*. at *1-2. The *Fraser* court concluded that the Song-Beverly Credit Card Act confers standing on plaintiffs who "sufficiently allege violations of Section 1747.08." *Id*. at 12. But nothing in *Fraser* addresses Section 17529.5.

In placing its reliance entirely on *Fraser*, LTL implicitly concedes that Plaintiffs sufficiently alleged violations of Section 17529.5, but it seems to believe that any plaintiff who

sufficiently alleges a violation of Section 17529.5 automatically satisfies the injury-in-fact requirement for Article III standing.

### 1. *This Case is Distinguishable from Fraser*

In *Fraser*, the plaintiffs argued that the information collected by Wal-Mart "exposes Plaintiffs to hackers as well as Defendant's own improper usage" and defendant's "undesired marketing contact, credit card fraud, identity theft, and even stalking." *Id.* at *8, 13-14. Also, in *Fraser*, the plaintiffs argued that Section 1747.08 provides for mandatory civil penalties to be assessed against those who violate the law because of the *imminent danger* such a violation presents to the consumer. *Id*. at 12.

But here, unlike in *Fraser*, neither LTL nor Plaintiffs argued that Section 17529.5 was enacted to penalize spammers based on imminent danger that violations present to consumers. *See* Response, generally; Complaint, generally.

Also, unlike in *Fraser*, plaintiffs have not alleged *how* these particular unlawful spams and statutory violations have harmed them, nor *how much* in monetary terms. Rather, Plaintiffs merely stated that they were generally damaged and that they forego their rights to recovery of any actual damages and seek statutory damages instead. Complaint at ¶ 37 and Prayer for Relief.

*Fraser* is distinguishable from the instant Action. Indeed, the elements present in *Fraser* (description of specific harm to plaintiffs and California Legislative intent to punish those who put consumers in danger of *imminent future harm*) are lacking here. Accordingly, this Court should remand this Action to state court where it belongs.

### 2. *LTL Refers to Pre-Spokeo Authority to Support its Position*

LTL cited five cases *prior* to *Spokeo Inc. v. Robins*, 136 S. Ct. 1540 (2015) to support its discussion of Federal Courts' "oversight" of litigation involving Section 17529.5. Response at 9:4-14. Plaintiffs understood this Court's Order to Show Cause to focus on Article III jurisdiction *in light of Spokeo*. Without specifically addressing the issues raised in those cases (which may or may not include any discussion of Article III standing whatsoever) or whether LTL's conclusions are accurate, it is undisputed that those cases pre-dated *Spokeo*.

In *Hoang v. Reunion.com Inc.,* No. C-08-3518 MMC, 2010 U.S. Dist. LEXIS 34466 (N.D. Cal. Mar. 31, 2010) – one of the cases LTL cited – this Court reversed a prior order and denied a spam defendant's motion to dismiss. *Id.* at 23-24. In *Hoang*, the only reference to "Article III" occurs when the court states its belief as to what the Ninth Circuit implicitly meant

to conclude as to Washington's anti-spam law, and then noted that California's anti-spam law is similar to Washington's in terms of recipient's standing.

Again, LTL ignored the Court's OSC to discuss standing *in light of Spokeo* by referencing *Hoang*, which predated it.  *Hoang* seems to stand for the proposition that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right… but the Supreme Court rejected that conclusion in *Spokeo*, as the Court noted in its OSC.

LTL's reliance on *Hoang* is also dubious because this Court went on to rule that a spam recipient alleging Section 17529.5 violations need not allege reliance to avoid preemption by the CAN-SPAM Act.  *Id.* at *15-21.  Apparently, LTL does not want this Court to "follow its own precedent" with respect to *that* issue.

Ultimately, LTL failed to point to any post-*Spokeo* case involving statutory damages under Section 17529.5 where Article III standing was discussed, much less upheld.  Accordingly, LTL failed to provide this Court with any basis to find Article III standing, which was the purpose of the Court's OSC.

### D. **LTL Concedes that Plaintiffs Properly Alleged Violations of Section 17529.5**

As discussed above, LTL heavily relies on *Fraser* in its Response.  The *Fraser* court determined that Article III standing exists whenever a plaintiff "sufficiently allege[s] violations of Section 1747.08."  2016 U.S. Dist. LEXIS 144351 at *12.

Here, LTL attempts to analogize to *Fraser* by arguing that Plaintiffs allege facts in their Complaint – namely, violations of Section 17529.5 – sufficient to provide this Court with Article III standing.  Response at § B.

But, in its MTD, LTL argued that that there was *no* harm.  MTD at 6:26.  Indeed, LTL went to great lengths to argue that the alleged violations are not "material."  MTD at ¶ 5, and Reply to Opposition to MTD, generally.  Today, however, LTL abruptly changes course and argues that the non-quantified references to actual damages in the Complaint ". . . establish a concrete particularized and personal injury to [Plaintiffs]."  Response at 5:25-27.  Thus, LTL's argument amounts to a concession that Plaintiffs sufficiently pled violations of Section 17529.5.  Accordingly, LTL apparently abandons its prior arguments that: a) the spams do not violate Section 17529.5, b) Plaintiffs' claims are preempted by the CAN-SPAM Act, and c) Plaintiffs suffered no harm.  MTD at ¶ 5.

## IV. **CONCLUSION**

Instead of providing this Court with reasons this Action should not be remanded, LTL reversed its position on its Motion to Dismiss. Such reversal was unnecessary because, as this Court stated in its OSC, Plaintiffs did not allege concrete and particularized harm in the Complaint to satisfy Article III standing requirements for federal jurisdiction.

Ignoring *Spokeo*, LTL argues that any proper allegation of a Section 17529.5 violation satisfies Article III's injury-in-fact requirement. However, Plaintiffs read *Spokeo*, and the Court's OSC based on *Spokeo*, to reject that very conclusion.

The main case upon which LTL relies, *Fraser*, is distinguishable from the instant Action because that case involved a statute where the California Legislature found that any consumer subject to a violation of that statute experiences imminent harm, which is not the case here.

Plaintiffs ask this Court to remand the Action to State Court.

                                                                                THE LAW OFFICES OF JACOB HARKER

Date:    June 15, 2018                 BY:   /s/ JACOB HARKER
                                                                                     Jacob Harker
                                                                                     Attorney for Plaintiffs

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO OSC (3:17-CV-07078-MMC)**